UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, ) | No. 4:22-318-TLW-TER |
| *a/k/a Kathy Juanita Reaves,* ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | ORDER |
| Charles M. Dickens, *individually,* ) | |
| Cordero Foster, *individually*, Daniel Huckso, *individually*, ) | |
| Scott Wilkerson, Regina Crooley, Kevin Thomas, ) | |
| Larry McNeill, Patrick Dean Blanchard, Officer Sutton, ) | |
| Defendants. ) | |

This is a civil action filed by a nonprisoner regarding an arrest. A serve order as to only Defendants Foster, Blanchard, Huckso, Sutton, Wilkerson, McNeil, Kevin Thomas, Crooley, and Dickens was entered on April 14, 2022, and summonses were issued. (ECF No. 47). The district judge adopted the recommendation dismissing a number of parties with prejudice. (ECF No. 117). Thus, the caption above is reflective of the termination of those parties.

**Motion to Transfer**

In April 2022, Plaintiff filed a "Motion to Transfer". (ECF No. 56). Plaintiff appears confused as the lack of multiple district courts in South Carolina, whereas states like Georgia and North Carolina(E.D.N.C., M.D.N.C., etc)–where Plaintiff has had federal actions in the past–have multiple district courts. South Carolina has but one district court (D.S.C.). Plaintiff appears to believe if she drove to Columbia to file an action at that courthouse, that her action should not divisionally be in Florence. (ECF No. 56). Plaintiff appears to argue that state agency related defendants are headquartered in Columbia and thus this should be a Columbia division case; there is no applicable venue statute between divisions. Some of the served defendants are out of state defendants.

While the Local rules do provide for transfer for "case management or trial from one division to another division on motion of any party for good cause shown," Plaintiff has failed to show good cause. Local Civil Rules 3.01 (C). Plaintiff's motion (ECF No. 56) is **denied.** Additionally, the Local Rules provide: "New cases filed by *pro se* litigants with prior cases shall, if possible, be assigned to the magistrate judge and district judge to whom the prior case was assigned unless the prior case was assigned as a related case." Local Civil Rules 73.02 (C)(6). Plaintiff has a Columbia division district judge and Florence division magistrate judge assigned to this case as Plaintiff has prior cases with these judges.

**Rule 59 Motion on Serve/No Serve Order**

On May 9, 2022, Plaintiff filed a motion purporting to be a Rule 59 Motion. (ECF No. 68). Plaintiff presents confusion about case numbers 4:22-639 and alleges it is "egregious judicial error in duplication of the same case with a different case number." (ECF No. 68 at 2). Plaintiff alleges "this is a judicial mess as the district courts and the lawyers failed to exercise a duty of care to

review these claims and to realize that there is duplication" (ECF No. 68 at 2). Plaintiff states that it "makes absolutely no sense" that some defendants were authorized for service and some were not. (ECF No. 68 at 3). Plaintiff appears to actually be addressing the report and recommendation filed the same day and related to the serve/no serve order. Some parties filed responses in opposition of Plaintiff's motion. (ECF Nos. 84, 94).

      Plaintiff's continued assertions concerning "duplication" are simply erroneous. Case No. 4:22-cv-639 is not a case created in duplicate by the court; No. 4:22-cv-639 is the removed case from Marlboro County Court of Common Pleas, 2022-CP-34-0034, was originally filed in state court by Plaintiff and removed to this court by Defendants in March 2022. No. 4:22-cv-639 is not the same case as the instant action.

      To the extent Plaintiff attempts by this R. 59 motion to contest recommendations as to summary dismissal of certain defendants, it is noted some of the parties were dismissed with prejudice by the district judge on July 8, 2022 (ECF No. 117) and Plaintiff appealed that order to the Fourth Circuit Court of Appeals.

      Rule 59(e) does not itself provide a standard under which this court may grant a motion to alter or amend a judgment. The Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Ins. Co. v. American National Ins. Co.*, 148 F.3d 396 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Plaintiff's R. 59 motion is DENIED as Plaintiff has failed to show a legal or factual basis to alter the prior order.

      IT IS SO ORDERED.

September 22, 2022  
Florence, South Carolina

<u>s/ Thomas E. Rogers, III</u>  
Thomas E. Rogers, III  
United States Magistrate Judge