UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, *a/k/a Kathy Juanita Reaves*,<br><br>PLAINTIFF<br><br>v.<br><br>Charles Michael Dickens, Cordero Cartez Foster, Daniel Huckso, Thomas Scott Wilkerson, Regina Crolley, Kevin Thomas, Larry McNeill, Patrick Dean Blanchard, and Officer Sutton,<br><br>DEFENDANTS | Case No. 4:22-cv-00318-TLW<br><br><br>**ORDER** |

Plaintiff Kathy Reaves, ("Plaintiff"), proceeding *pro se*, brings this action against the above-named defendants arising out of her arrest in South Carolina based on a warrant issued by the State of Georgia.[1] ECF No. 1. This order will only address the claims brought by Plaintiff against Defendants Regina Crolley and Charles Michael Dickens (collectively "Defendants"), Defendants' motion for summary judgment, ECF No. 127, and Plaintiff's motion for summary judgment, ECF No. 136.[2] Other pending motions will be addressed by separate order, as appropriate.

As noted, Plaintiff's complaint arises out of her 2021 arrest based, in part, on a Georgia warrant. Plaintiff alleges that she was pulled over for a minor traffic violation in South Carolina, taken to a county detention center, and placed on a

---

[1] This is one of thirteen lawsuits filed by Plaintiff against the same, or most of the same, defendants in each case. The claims in each case arise out of the same set of alleged facts, and ten of these cases have previously been dismissed by this Court.

[2] Plaintiff's complaint identifies Ms. Crolley as "Crooley."

Page 1 of 5

hold in order for the warrant at issue to be faxed from Georgia, thus enabling her extradition. ECF No. 185 at 2. She alleges, however, that the warrant was never faxed, that Georgia officials never came to exercise their hold, and that she was subsequently released. *Id.* at 3. Thereafter, she filed the instant action—along with several others—against the South Carolina officers who took part in her arrest and hold, the Georgia law enforcement officers and agencies that issued the warrant, employees of the South Carolina Department of Education (where she alleges she had a prospective job, which was terminated upon her arrest),[3] and other state and local officials in both South Carolina and Georgia. *See generally Id.* As relevant for this order, Defendant Crolley is alleged to be the Director of IT for the South Carolina Highway Patrol and South Carolina Department of Public Safety "responsible for reporting the felony warrant" that led to Plaintiff's arrest by Defendant Dickens—the highway patrol officer who initially pulled Plaintiff over for minor traffic violations. *Id.*

This case was assigned, pursuant to 28 U.S.C. § 636(b)(1)(B), to United States Magistrate Judge Thomas E. Rogers, III. It now comes before this Court for review of the Report and Recommendation ("Report") filed by the magistrate judge. ECF No. *Id.* The Report addresses Defendants' motion for summary judgment, ECF No. 127, along with Plaintiff's motion for summary judgment, ECF No. 136. The Report recommends that Defendants' motion for summary judgment be granted, that they be dismissed from this action, and that Plaintiff's motion for summary judgment

---

[3] The educational defendants were previously dismissed in an earlier order dismissing Plaintiff's claims against twenty-eight named defendants. ECF No. 117.

be denied. ECF No. 185 at 12. Plaintiff has not filed objections to the Report.

Defendants moved for summary judgment on the following arguments: (1) Defendants are not subject to suit under the South Carolina Tort Claims Act; (2) Plaintiff's allegations against Defendants does not rise to the level of constitutional violations necessary to maintain an action pursuant to 42 U.S.C. § 1983; (3) Defendants are subject to Eleventh Amendment immunity for actions taken in their official capacity; (4) Defendants are entitled to qualified immunity; (5) Plaintiff has provided no evidence of negligence, and (6) Plaintiff has failed to make a *prima facia* with regard to any other state law causes of action referenced or asserted in her pleadings. ECF No. 127 at 4–12. Defendants also assert that Plaintiff has abused this Court's process by filing eleven actions in the past year based on the same allegations in the instant complaint. *Id.* at 13.

As noted in the Report, the only remaining claims against Defendants are (1) that Defendant Crolley was "responsible for reporting the felony warrant" that led to Plaintiff's arrest and (2) Plaintiff's claim that she was subject to malicious prosecution and false arrest by Defendant Dickens, who pulled Plaintiff over and then transported her to the detention center after the Georgia warrant displayed in his vehicle's electronic database. *Id.* at 8. The Report recommends that Defendants' motion for summary judgment be granted and Plaintiff's claims against these Defendants be dismissed because (1) "it undisputed by factual evidence that [Defendant Crolley] was not responsible for the reporting of the felony warrant that led to Plaintiff's arrest" and (2) since Plaintiff's false

arrest/malicious prosecution claim must fail "[b]ecause Dickens arrested Plaintiff pursuant to a facially valid warrant, and her pending charges have not been terminated in her favor[.]" *Id.* at 10–11.

The Report also addresses Plaintiff's own motion for summary judgment. *Id.* at 11. Plaintiff moved for summary judgment with regard to her claims against Defendants Dickens and Crolley, along with Defendant Thomas Scott Wilkerson, the South Carolina Law Enforcement Division's Director of IT, Defendant Larry McNeill, the interim Sherriff, and Defendant Kevin Thomas, the Warden of the detention facility. ECF No. 136. As noted in the Report, "Plaintiff fails to present any evidence, other than asking the court to accept her motion as an affidavit." ECF No. 185 at 5. Accordingly, the Report recommends that this Court deny Plaintiff's motion for summary judgment. This recommendation is based on (1) the Report's prior recommendation that Defendants Crolley and Dickens' motion for summary judgment be granted and (2) Plaintiff's failure to show that she is entitled to summary judgment on her claims against Defendants Thomas, McNeill, and Wilkerson. *Id.* at 11–12. Again, as noted, Plaintiff has not filed objections to the Report.

The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has carefully reviewed the Report, Defendants' motion, Plaintiff's motion, and other relevant filings. For the reasons stated by the magistrate judge, the Report, ECF No. 185, is **ACCEPTED**. Defendants' motion for summary judgment, ECF No. 127, is **GRANTED**, and they are **DISMISSED** from this action. Finally, Plaintiff's motion for summary judgment, ECF No. 136, is **DENIED**.

**IT IS SO ORDERED.**

    *s/Terry L. Wooten*
Senior United States District Judge

February 17, 2023
Columbia, South Carolina