UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, *a/k/a Kathy Juanita Reaves*,<br><br>PLAINTIFF<br><br>v.<br><br>Charles Michael Dickens, Cordero Cartez Foster, Daniel Huckso, Thomas Scott Wilkerson, Regina Crolley, Kevin Thomas, Larry McNeill, Patrick Dean Blanchard, and Officer Sutton,<br><br>DEFENDANTS | Case No. 4:22-cv-00318-TLW<br><br>**ORDER** |

Plaintiff Kathy Reaves, ("Plaintiff"), proceeding *pro se*, brings this action against the above-named defendants arising out of her arrest in South Carolina based on a warrant issued by the State of Georgia.[1] ECF No. 1. This order will only address the claims brought by Plaintiff against Defendants Blanchard, Huckso, Sutton, and Foster (collectively "Defendants"). Other pending motions will be addressed by separate order, as appropriate.

As noted, Plaintiff's complaint arises out of her 2021 arrest based, in part, on a Georgia warrant. Plaintiff alleges that she was pulled over for a minor traffic violation in South Carolina, taken to a county detention center, and placed on a hold for in order for the warrant at issue to be faxed from Georgia, thus enabling her extradition. ECF No. 184 at 2. She alleges, however, that the warrant was

---

[1] This is one of thirteen lawsuits filed by Plaintiff against the same, or most of the same, defendants in each case. The claims in each case arise out of the same set of alleged facts, and ten of these cases have previously been dismissed by this Court.

never faxed, that Georgia officials never came to exercise their hold, and that she was subsequently released. *Id.* at 3. Thereafter, she filed the instant action—along with several others—against the South Carolina officers who took part in her arrest and hold, the Georgia law enforcement officers and agencies that issued the warrant, employees of the South Carolina Department of Education (where she alleges she had a prospective job, which was terminated upon her arrest),[2] and other state and local officials in both South Carolina and Georgia. *See generally Id.* As relevant for this order, Defendants are employees of the Richmond County Sherriff's Department in Georgia.

This case was assigned, pursuant to 28 U.S.C. § 636(b)(1)(B), to United States Magistrate Judge Thomas E. Rogers, III. It now comes before this Court for review of the Report and Recommendation ("Report") filed by the magistrate judge. ECF No. 184. The Report addressed several motions to dismiss filed by Defendants, ECF Nos. 89, 90, 91, & 172. It recommends that their motions be granted and that Plaintiff's claims against Defendants be dismissed without prejudice. ECF No. 184 at 8. Plaintiff has not filed objections to the Report.

In their motions to dismiss, the Defendants assert that dismissal is proper because (1) South Carolina is not the proper venue, (2) Plaintiff's claims are not proper under 42 U.S.C. § 1983, (3) Plaintiff improperly seeks to bring civil claims under criminal statutes, (4) Plaintiff has failed to state a claim for false arrest, and (5) Plaintiff has failed to state a claim for malicious prosecution. *See* ECF Nos. 89,

---

[2] The educational defendants were previously dismissed in an earlier order dismissing Plaintiff's claims against twenty-eight named defendants. ECF No. 117.

90, 91, & 172.

The magistrate judge's recommendation is confined to Defendants' first argument: improper venue. As noted, the magistrate judge recommends that this Court grant Defendants' motions to dismiss and dismiss the claims against them without prejudice because South Carolina is not the proper venue for this action. ECF No. 184 at 8. This recommendation is based on the fact that each defendant is an employee of a Georgia law enforcement agency, the Richmond County Sherriff's Office, and that each of the alleged actions taken by Defendants occurred in Georgia—not South Carolina. *Id.* at 5–7. Thus, venue is not proper as to these Defendants. *Id.* at 7. The Report further recommends that the Court dismiss the claims against Defendants, rather than transfer them to the proper venue in Georgia. *Id.* The basis for this recommendation is that (1) Defendants have requested dismissal, (2) Plaintiff has not requested transfer in lieu of dismissal, and (3) Plaintiff's claims against these defendants have previous been dismissed in actions before both this Court and the Southern District of Georgia. *Id.* at 8. Again, Plaintiff has not filed objections to this recommendation.

The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound

by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has carefully reviewed the Report, Defendants' motions, and other relevant filings. For the reasons stated by the magistrate judge, the Report, ECF No. 184, is **ACCEPTED**. Defendants' motions to dismiss, ECF Nos. 89, 90, 91, & 172, are **GRANTED**, and Plaintiff claims against Defendants Blanchard, Huckso, Sutton, and Foster are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

                                            *s/Terry L. Wooten*
                                      Senior United States District Judge

February 21, 2023
Columbia, South Carolina