UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KATHY REAVES, a/k/a Kathy Juanita Reaves, ) ) ) Plaintiff, ) ) -vs- ) ) ) ) SCOTT WILKERSON, KEVIN THOMAS, ) and LARRY McNEILL, ) ) Defendants. ) _____ ) | Civil Action No. 4:22-cv-0318-TLW-TER  **ORDER** |

## I.   INTRODUCTION

This action arises out of the issuance of a warrant in Georgia and Plaintiff's subsequent arrest in South Carolina. Though Plaintiff initially named numerous Defendants in this action, only three remain: Scott Wilkerson, Kevin Thomas, and Larry McNeill. Presently before the court are Defendant Wilkerson's Motion to Compel (ECF No. 164), Plaintiff's Motion for Issuance of Subpoenas (ECF No. 200), Plaintiff's Motion to Consolidate Additional Claims (ECF No. 206), and Plaintiff's Motion for Extension of Time to Complete Discovery (ECF No. 210). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC.

## II.   DISCUSSION

### A.   Defendant Wilkerson's Motion to Compel

Defendant Scott Wilkerson served discovery requests on Plaintiff by United States mail on September 13, 2022. See Discovery Requests (ECF No. 164-2). Plaintiff refused receipt of the discovery requests and they were returned to sender on September 19, 2022. See Notice Regarding

Refused Documents and Returned Envelopes (ECF No. 166-1). Plaintiff did not respond to Wilkerson's discovery requests. Wilkerson filed the present motion to compel and Plaintiff failed to file a response to the motion. The Motion to Compel (ECF No. 164) is **GRANTED** and Plaintiff is directed to file a response to Wilkerson's discovery requests within fifteen days of the date of this Order. Because Plaintiff refused to accept the discovery requests when they were served on her, the clerk of court is directed to mail a copy of the requests (ECF No. 164-2) to Plaintiff along with this Order.

### B.     Plaintiff's Motion for Issuance of Subpoenas

In this motion, Plaintiff asks the court to issue subpoenas to Thomas Scott Wilkerson, Regina Crolley, Michael Daniel Hucko, and Cordero Foster. Each proposed subpoena seeks an affidavit signed by Siobhan Reaves and Georgia Power South Company. The proposed subpoenas for Wilkerson, Crolley, and Hucko also ask for the "Georgia Power-Southern Company utility bill referenced in Entry 81-1."[1] At one time, each of these individuals were parties to this action. However, Wilkerson is the only individual of the four who is still a party to this lawsuit. Wilkerson

---

[1] Entry 81-1 is the arrest warrant for Plaintiff's charge of "Identity Fraud–Felony." It does not specifically refer to a utility bill. The probable cause section of the warrant states,

> The accused, Kathy Reaves, did use Siobhan Reaves' personal information to obtain services from Georgia Power without the permission or knowledge of Siobhan Reaves. Siobhan Reaves observed an account associated with Siobhan Reaves' name and social with a service address of 915 Flythe Dr. B in Augusta, Georgia. Siobhan Reaves advised 915 Flythe Dr. B in Augusta, Ga has never been a residence of Siobhan Reaves.
>
> I, Investigator Michael Hucko, requested information from Georgia Power for the above address. I observed a response advising the account was opened on 122618. I observed customer service notes for 032619, stating Kathy Reaves called to inquire about the account balance. I observed the telephone number associated with the fraudulent account to be associated with Kathy Reaves. I observed the name associated with the fraudulent account was Siobhan Reaves.

Arrest Warrant (ECF No. 81-1).

filed a response in opposition to Plaintiff's motion.

"The court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena." Ronell v. Cabbagestock, No. 0:20-cv-871-DCN-PJG, 2020 WL 6802909, at *2 (D.S.C. Nov. 18, 2020) (citing Fed. R. Civ. P. 26(b) & 45(d)(1); Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (finding that the court may refuse an indigent party's request to have the United States Marshals Service serve a Rule 45 subpoena duces tecum that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process")).

As stated above, with the subpoenas Plaintiff seeks an affidavit signed by Siobhan Reaves and Georgia Power South Company and the Georgia Power-Southern Company utility bill "referenced in Entry 81-1." Plaintiff asserts in her motion that Foster took the initial call from an individual alleging to be Siobhan Reaves who stated her identity had been stolen to obtain utility services. Plaintiff asserts that Foster failed to direct the caller to come into the Richmond County Sheriff's Office to sign an "FTE Identity Theft Affidavit," which would have given Investigator Hucko the authority to conduct an investigation with the power company. However, Plaintiff asserts, Hucko contacted the power company and conducted an investigation without said affidavit and, thus, he violated "FTC Identity Theft guidelines for prosecution." Pl. Motion (ECF No. 200) p. 2. As an initial matter, with respect to the affidavit, Plaintiff appears to be asking for a document she claims does not exist. Further, these documents appear to be relevant only to the claims Plaintiff asserted

against Foster and Hucko. In her motion, Plaintiff asserts that Foster and Hucko failed to follow proper procedure and failed to conduct a proper investigation into the initial phone call alleging identify theft. However, as stated above, Foster and Hucko have been dismissed from this action for lack of proper venue. These documents appear to have no relevance to the claims Plaintiff has asserted against the remaining Defendants–Wilkerson, Director of IT of SLED, McNeil, Marlboro County Sheriff, and Thomas, Warden of the Marlboro County Detention Center. Am. Compl. (ECF No. 23) p. 6. To the extent Plaintiff alleges that Wilkerson should not have entered the Georgia arrest warrant into SLED's database[2] or McNeil[3] and Thomas should not have detained her based on the Georgia arrest warrant without independently verifying the probable cause set forth in the warrant, this court has previously held with respect to another Defendant that officers do not have a duty to independently investigate the validity of a facially-valid warrant. See Report and Recommendation (ECF No. 185) pp. 10-11 (citing Smyth v. City of Lakewood, 83 F.3d 433, 1996 WL 194715, *4 (10th Cir. 1996); Mann v. Township of Hamilton, Civ. No. 90–3377, 1991 WL 87586, at *2 (D.N.J. May 20, 1991)); Order (ECF No. 193). Plaintiff fails to show that the documents requested in the subpoena are relevant to remaining claims in this action. Therefore, her Motion for Issuance of Subpoenas (ECF No. 200) is **DENIED**.

---

[2]The court notes that in his recently filed Motion for Summary Judgment (ECF No. 218), Wilkerson provides an affidavit stating that he retired from SLED in June of 2018, prior to any of the events alleged in this action. Plaintiff's response time has not yet run.

[3]Again, in McNeil's recently filed Motion for Summary Judgment (ECF No. 222), he provides an affidavit and exhibits showing that he was not employed by Marlboro County or the Marlboro County Sheriff's Office at the at the time of the events alleged in this action. Plaintiff's response time has not yet run.

### C. Plaintiff's Motion to Consolidate Additional Claims

In this motion, Plaintiff seeks to amend her complaint to add new claims and new parties. The scheduling order deadline to do so was February 27, 2023. Scheduling Order (ECF No. 188). Plaintiff filed the present motion on March 17, 2023. Therefore, her motion is untimely. After the deadline provided by a scheduling order has passed, good cause must be satisfied to justify leave to amend the pleadings. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). The "good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Odyssey Travel Ctr., Inc. v. RO Cruises, Inc., 262 F.Supp.2d 618, 632 (D.Md.2003). Plaintiff does not specifically acknowledge that her motion falls outside the deadline or address the good cause standard. Further, Plaintiff fails to attach a proposed amended complaint to her motion. Woods v. Boeing Co., 841 F. Supp. 2d 925, 930 (D.S.C. 2012) (denying motion to amend complaint when no proposed pleading was attached to the motion). For these reasons, Plaintiff's Motion to Consolidate Additional Claims (ECF No. 206) is **DENIED**.

### D. Plaintiff's Motion for Extension of Time to Complete Discovery

In this motion, Plaintiff asks for an extension of the discovery deadline but does not request any specific time. She lists the following reasons for her request:

a. Request for certified documents with return receipt from the United States Post Office on all Defendants over 817 days, from December 21, 2020 to present;
b. Plaintiff has multiple cases in other jurisdictions and needed time to comply with the Orders of the Court from those locations;
c. Plaintiff is recovering from a minor outpatient surgery for removal of a benign cyst.

Pl. Motion p. 1 (ECF No. 210). She also asserts that she has served interrogatories on Defendants

Wilkerson, Thomas, and McNeill. Plaintiff's motion is dated March 21, 2023; it is postmarked March 28, 2023. It was received and filed by the court on April 3, 2023. The deadline for discovery in the scheduling order is March 28, 2023.

Defendants filed Responses (ECF Nos. 216, 217) to Plaintiff's motion, arguing it is untimely given the scheduling order's requirement that "[a]ll discovery requests shall be served in time for responses to be served by" the deadline. Defendants also assert they were not timely served with discovery requests as Plaintiff stated in her motion. Defendants also noted that they were in the process of preparing dispositive motions and would be filing them shortly. Defendants have since filed motions for summary judgment (ECF Nos. 218, 222). Though Plaintiff filed a Reply (ECF No. 221), she does not address any of the arguments raised by Defendants in opposition to the requested extension but rather continues to argue the merits of her claim.

Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Plaintiff has provided only conclusory reasons for seeking the extension which are insufficient to show either excusable neglect or good cause. Because Plaintiff did not timely serve discovery requests or file the present motion for extension of time in a timely manner, the Motion for Extension of Time (ECF No. 210) is **DENIED**.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

May 31, 2023  
Florence, South Carolina