UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, *a/k/a Kathy Juanita Reaves*,<br><br>PLAINTIFF<br><br>v.<br><br>Scott Wilkerson, Kevin Thomas, and Larry McNeill,<br><br>DEFENDANTS | Case No. 4:22-cv-00318-TLW<br><br><br>**ORDER** |

Plaintiff Kathy Reaves, ("Plaintiff"), proceeding *pro se*, brings this action against the above-named defendants arising out of her arrest in South Carolina based on a warrant issued by the State of Georgia.[1] ECF No. 1. Defendant Scott Wilkerson has moved "to dismiss the instant case in its entirety pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure" because Plaintiff "has completely and utterly failed to cooperate in discovery." ECF No. 166. Plaintiff opposed Wilkerson's motion to dismiss. ECF No. 166. This matter now comes before the Court for review of a Report and Recommendation ("Report") addressing Wilkerson's motion to dismiss filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 231. In the Report, the magistrate judge recommends that this Court deny Wilkerson's motion to dismiss. *Id.* Neither Plaintiff nor Wilkerson have filed objections to the Report. Accordingly, this matter is ripe for review.

---

[1] This is one of thirteen lawsuits filed by Plaintiff against the same, or most of the same, defendants in each case. The claims in each case arise out of the same set of alleged facts, and ten of these cases have previously been dismissed by this Court.

The Report asserts two grounds for denying Wilkerson's motion. First, the magistrate judge concludes Rule 37 is inapplicable to the case at hand. Rule 37 provides a list of sanctions when a party "fails to obey an order to provide or permit discovery . . . ." *Id.* (quoting Fed. R. Civ. P. 37). Here, because "no order regarding discovery has been entered," there is no order for Plaintiff to fail to obey. *Id.* at 2. Rule 37 is thus inapplicable.

Second, the magistrate judge considers Wilkerson's Rule 41 argument. In doing so, the magistrate judge notes that Plaintiff has been uncooperative in discovery and that it has prejudiced Wilkerson's defense of this litigation. *Id.* at 3. Yet, the magistrate judge concludes that "dismissal at this state of the litigation is not appropriate." *Id.* The Report warns Plaintiff that further failure to participate in the discovery process or failure to obey a court order may result in a recommendation that the case be dismissed for failure to prosecute. *Id.*

As noted, neither party has filed objections to the Report. The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge

as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has carefully reviewed the Report, Defendants' motions, and other relevant filings. For the reasons stated by the magistrate judge, the Report, ECF No. 231, is **ACCEPTED**. Wilkerson's motion to dismiss, ECF Nos. 166, is **DENIED**. Additionally, the Court echoes the magistrate judge's warning to Plaintiff that her complaint is subject to dismissal should she either further fail to participate in the discovery process or refuse to obey a court order.

**IT IS SO ORDERED.**

*s/Terry L. Wooten*
Senior United States District Judge

July 13, 2023
Columbia, South Carolina