UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KATHY REAVES, a/k/a Kathy Juanita Reaves, ) ) ) Plaintiff, ) ) -vs- ) ) ) ) THOMAS SCOTT WILKERSON, ) KEVIN THOMAS, and LARRY McNEILL, ) ) Defendants. ) _____ ) | Civil Action No. 4:22-cv-0318-TLW-TER **ORDER** |

This action arises out of the issuance of a warrant in Georgia and Plaintiff's subsequent arrest in South Carolina. All Defendants in this action have been dismissed except for Scott Wilkerson, Larry McNeill, and Kevin Thomas. By separate Report and Recommendation filed herewith, the undersigned recommends that the remaining Defendants' motions for summary judgment be granted, thereby disposing of all claims raised in Plaintiff's Amended Complaint. However, Plaintiff has filed a plethora of other motions, in which she seeks either relief unavailable to her or relief unsupported by the record. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC. The undersigned will briefly address each motion in turn.

In Motion to Compel (ECF No. 235), Plaintiff seeks an order compelling Thomas Scott Wilkerson, Charles Monty Coats, Jr., Cathay Hazelwood, Kathryn M. Crews to disclose an FBI/SLED report to the South Carolina Department of Education, and that they be found in violation of the Fair Credit Reporting Act. Plaintiff does not cite the rule under which she is moving to compel the FBI/SLED report. Further, she is not asking that these individuals produce the report to

her but that they disclose it to the South Carolina Department of Education. Thus, Plaintiff's request falls outside the discovery context.

However, motions to compel speak to the discovery process and are governed by Federal Rule of Civil Procedure 37. Rule 37(a) provides that, where notice has been given, "a party may move for an order compelling disclosure or discovery." Fed.R.Civ.P. 37(a)(1). Such a motion may be filed when a deponent fails to answer a question under Rule 30 or 31, a corporation fails to make a designation under rule Rule 30(b)(6) of 31(a)(4), a party fails to answer an interrogatory under Rule 33, or a party fails to produce documents under Rule 34. Fed.R.Civ.P. 37(a)(3)(B). None of these circumstances are present in the current motion. There is no indication in Plaintiff's motion that she served discovery requests under the Federal Rules of Civil Procedure on the individuals named in her motion. As stated above, Plaintiff seeks an order compelling these individuals to disclose the FBI/SLED report not to her but to the South Carolina Department of Education. Plaintiff fails to point to the rule of procedure or other law that would allow the court to enter such an order.

Furthermore, Coats is not a party to this action, Hazelwood and Crews have been dismissed from this action, and, as discussed in the Report and Recommendation filed herewith, the undisputed evidence in the record reveals that Wilkerson was not an employee with SLED at the time of the acts alleged in Plaintiff's amended complaint and he had no involvement in the acts alleged. Finally, Plaintiff did not plead a cause of action for violation of the Fair Credit Reporting Act in this case and, thus, the issue of whether these individuals violated that act is not properly before the court. The motion is **DENIED.**

In Motion for Rule 11 Sanctions (ECF No. 236), Plaintiff asks the court to sanction Coats, Wilkerson, McNeill, Thomas, Schedo, Dickens, Rob Bailes, and SLED for failing to provide the

FBI/SLED report mentioned above and/or for committing perjury in this action by stating under oath they never received the FBI/SLED report. Federal Rule of Civil Procedure 11(b) provides as follows:

> **Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Subsection (c) of Rule 11 allows a party to move for sanctions for violations of subsection (b). Rule 11 of the Federal Rules of Civil Procedure primarily serves "to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation." Scott v. Lori, No. ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020) (quoting Moody v. Arc of Howard Cty., Inc., 474 F. App'x 947, 950 (4th Cir. 2012)). While the Court has the discretion to impose sanctions for Rule 11 violations, it should do so "sparingly." Id. (quoting Jacobs v. Venali, Inc., 596 F. Supp. 2d 906, 914 n.10 (D. Md. 2009)).

Neither Coats nor Bailes are parties to this action. Schedo, Dickens, and SLED have all been dismissed from this action. The undisputed evidence in the record reveals that Wilkerson was not an employee with SLED at the time of the acts alleged in Plaintiff's amend complaint and he had no involvement in the acts alleged. Further, as discussed in the Report and Recommendation filed

herewith, the undisputed facts in the record reveal that McNeill was not employed as the Interim Sheriff of Marlboro County, or in any other capacity with Marlboro County at the time of the acts alleged in Plaintiff's amended complaint and he had no involvement in the acts alleged. Finally, though Plaintiff includes Thomas's name in the list of individuals she alleges has lied about receiving the report, she fails to present any specific details or evidence as to any wrongdoing by him. Plaintiff has failed to show that sanctions are appropriate in this case. Therefore, the motion is **DENIED**.

In her next Motion for Sanctions (ECF No. 247), Plaintiff seeks sanctions against McNeill, Thomas, and their attorneys for filing a booking report along with Thomas's affidavit. Plaintiff argues that the booking report is false because, though it has her name on it, the weight, height, age, address, charges, and booking officer are incorrect. Though Plaintiff cites to no specific rule of procedure in this motion, presumably she moves pursuant to Rule 11. Nevertheless, even if the information contained within the booking report is incorrect as stated by Plaintiff, she has presented no evidence that McNeill, who did not work for Marlboro County at the time of the events alleged, Thomas, or their attorneys had any involvement in creating the booking report, that the booking report was intentionally falsified by anyone, or that McNeill, Thomas, or their attorneys knew the information in the booking report was incorrect. As stated above, sanctions should be imposed sparingly, and Plaintiff fails to show that they are warranted in this instance. The motion is **DENIED**.

In the Motion to Vacate (ECF No. 258)[1], Plaintiff seeks "to vacate the order and relief from

---

[1] Plaintiff has filed two other Motions to Vacate (ECF Nos. 205, 254) seeking to vacate orders entered by the District Judge. Accordingly, those motions will be addressed by the District Judge.

judgment of the Motion to Compel Order issued on behalf of defendant Thomas Scott Wilkerson (SLED) and his attorney Scott Kozacki, who is a former employee of Judge Wooten – the Judge who granted this motion to compel on June 23, 2023." Pl. Motion p. 1.  However, the docket reflects no order filed in this case on June 23, 2023. Although an order was entered on a motion to compel filed by Wilkerson, that order was entered by the undersigned, not by Judge Wooten, and it was filed on May 31, 2023.  <u>See</u> Order (ECF No. 230).  Plaintiff states that his motion is filed pursuant to Rule 60 of the Federal Rules of Civil Procedure.

Rule 60(a) allows a court, on motion or on its own, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other party of the record."  That order Plaintiff seeks to vacate provided as follows:

> Defendant Scott Wilkerson served discovery requests on Plaintiff by United States mail on September 13, 2022. See Discovery Requests (ECF No. 164-2). Plaintiff refused receipt of the discovery requests and they were returned to sender on September 19, 2022. See Notice Regarding Refused Documents and Returned Envelopes (ECF No. 166-1). Plaintiff did not respond to Wilkerson's discovery requests. Wilkerson filed the present motion to compel and Plaintiff failed to file a response to the motion. The Motion to Compel (ECF No. 164) is GRANTED and Plaintiff is directed to file a response to Wilkerson's discovery requests within fifteen days of the date of this Order. Because Plaintiff refused to accept the discovery requests when they were served on her, the clerk of court is directed to mail a copy of the requests (ECF No. 164-2) to Plaintiff along with this Order.

Order pp. 1-2. In her motion, Plaintiff does not identify a clerical mistake or a mistake arising from oversight or omission. In fact, she fails to identify any problem with the order. Rather, she repeats her allegations of wrongdoing against Wilkerson and the losses she has suffered as a result, claims that this court lacks jurisdiction over Wilkerson[2], and then appears to argue that Wilkerson was not entitled to the relief requested in his motion to compel because of his wrongdoings.  As a result,

---

[2]Of course, Plaintiff filed this action against Wilkerson in this court.

Plaintiff argues, the order granting Wilkerson's motion should be vacated.

Rule 60(a) "applies when the court intended one thing but by merely clerical mistake or oversight did another." Rhodes v. Hartford Fire Ins. Co., 548 F. App'x 857, 859 (4th Cir. 2013) (internal citation and quotation marks omitted). "The relevant test ... is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." Rhodes, 548 F. App'x at 859 (4th Cir. 2013) (quoting Pfizer Inc. v. Uprichard, 422 F.3d 124, 130 (3d Cir. 2005)). As stated above, Plaintiff identifies no mistake in the order and instead seeks to change the substantive rights of the parties, which is beyond the scope of Rule 60(a).

Further, Rule 60(b) governs reconsideration of only a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). An order on a motion to compel or other discovery motions is an interlocutory order, not a final order. Mount Hawley Ins. Co. v. Felman Prod., Inc., No. 3:09-cv-481, 2010 WL 1404107, at *2-*3 (S.D.W. Va. Mar. 30, 2010) (unpublished) (concluding that an order granting a motion to compel represents an interlocutory order and not a final judgment); In re Topper, 23 F. App'x 127, 128 (4th Cir. 2001) ("A final order is one that disposes of all the issues in dispute as to all parties, and 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911(1945))). The present motion does not seek to vacate a "final judgment, order, or proceeding" as set forth in Rule 60(b).

Although not cited by Plaintiff, Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or

parties and may be revised at any time."   The Fourth Circuit has held that a court "may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice."  Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (citations omitted and emphasis removed).  As an initial matter, Plaintiff does not seek to revise the order in question but to vacate it altogether.  Further, the motion fails to identify any of the circumstances listed above that would allow for revision of the order.  Reconsideration of an order "is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted).  It is "improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through — rightly or wrongly." Norfolk S. Ry. Co. v. Nat'l Union Fire Ins. of Pittsburgh, PA, 999 F.Supp.2d 906, 918 (S.D. W. Va. 2014) (citation omitted).

In sum, Plaintiff fails to show that she entitled to the relief she seeks in her motion to vacate.  Therefore, the motion is **DENIED**.

Plaintiff has also filed a Motion to Strike (ECF No. 271), though she never specifically asks to strike anything in particular.  Rather, after a lengthy discussion of cases she has pending in other courts, arguments she has previously raised that have already been rejected by this court, and complaints that Defendants rely on documents that were not originally created by them, Plaintiff requests that "an injunction [] be issued against [Defendants Wilkerson, McNeill, and Thomas] and their attorneys enjoining them from any further use of Plaintiff's social security number and date of birth."  Pl. Motion p. 13.  Plaintiff fails to present any legal basis for this requested injunction, and seeks relief not originally asserted in her amended complaint.  Thus, the motion is **DENIED**.

In her Motion to Seal (ECF No. 276), Plaintiff asserts that she has offered to settle the claims against the remaining Defendants in this case, and she asks that the court seal the settlement amount. Defendants represent that no settlement has been reached and is not likely to be reached. Further, settlement agreements generally are not filed with the court absent some dispute arising from the agreement itself or a statutory requirement that the settlement be court-approved. Also, generally, the court does not involve itself in settlement negotiations. Plaintiff's Motion is **DENIED**.

The same day Plaintiff filed the motion to seal a purported settlement agreement, she also filed a Motion to Transfer Case (ECF No. 277), wherein she asks that this case be transferred to the United States District Court for the Northern District of Georgia because she has two related cases pending in that court. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) further places discretion in this Court to adjudicate motions to transfer venue according to an "individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)). This Court should also "weigh in the balance the convenience of the witnesses and those public interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Id. at 30. Initially, the undersigned notes that Plaintiff chose to file this action, as well as numerous other actions related to the same events, in this court and has litigated these claims extensively for almost two years. Plaintiff is a resident of South Carolina has exhibited no inconvenience in litigating the matter in this court to its end. Rather, a transfer of this case would require all of the remaining Defendants, each of whom are also South

Carolina residents and/or state agencies, to defend themselves in a foreign jurisdiction. Finally, given Plaintiff's extensive litigation history just within this Court, this Court is best suited to deal with the present action. A Report and Recommendation has been entered herewith that recommends dismissal of the remaining claims pending in this action. Plaintiff has failed to show that transfer is appropriate and her motion is **DENIED**.

    **IT IS SO ORDERED.**

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 14, 2023
Florence, South Carolina