UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, *a/k/a* Kathy Juanita Reaves,<br><br>PLAINTIFF<br><br>v.<br><br>Thomas Scott Wilkerson, Kevin Thomas, and Larry McNeill,<br><br>DEFENDANTS | Case No. 4:22-cv-00318-TLW<br><br><br><br>**ORDER** |

On February 1, 2022, Plaintiff Kathy Reaves, ("Plaintiff"), proceeding *pro se*, filed this action against the above-named defendants. ECF Nos 1 & 23. Her claims arise out of her arrest in South Carolina on a warrant issued by the State of Georgia. *See id.* Presently pending before the Court are (1) Plaintiff's motions to vacate the Court's February 21, 2023 order dismissing a prior defendant, (2) Plaintiff's motion to vacate the Magistrate Judge's May 31, 2023 order granting a motion to compel, (3) the motions for summary judgment filed by the remaining Defendants, and (4) the Magistrate Judge's December 14, 2023 Report and Recommendation ("Report"), which recommends that the Court grant the pending motions for summary judgment. ECF Nos. 205, 218, 222, 254, 284 & 286.

## FACTUAL AND PROCEDURAL HISTORY

As noted, Plaintiff's complaint arises out of her 2021 arrest based, in part, on a Georgia warrant. ECF Nos 1 & 23. Plaintiff alleges that she was pulled over for a minor traffic violation in South Carolina, taken to a county detention center, and placed on a hold for in order for the warrant at issue to be faxed from

Georgia, thus enabling her extradition. ECF No. 284 at 2. She asserts, however, that the warrant was never faxed, that officials from Georgia never came to exercise their hold, and that she was subsequently released. *Id.* at 3. Thereafter, she filed the instant action—along with several others—against the South Carolina officers who took part in her arrest and hold, the Georgia law enforcement officers and agencies that issued the warrant, employees of the South Carolina Department of Education (where she alleges she had a prospective job, which was terminated upon her arrest), and other state and local officials in both South Carolina and Georgia. *See generally id.* In an order dated July 8, 2022, the Court dismissed Plaintiff's claims against twenty-eight named defendants. ECF No. 117. Similarly, the Court, upon the recommendation of the Magistrate Judge, entered two orders on February 21, 2023 dismissing the other officials and entities sued by Plaintiff. ECF Nos. 193 & 196. As a result, only three defendants remain in this action: Thomas Scott Wilkerson, Kevin Thomas, and Larry McNeill.

This case was assigned, pursuant to 28 U.S.C. § 636(b)(1)(B), to United States Magistrate Judge Thomas E. Rogers, III, for handling of pretrial matters and motions. As noted, presently pending before the Court are (1) Plaintiff's motion to vacate the Court's February 21, 2023 order dismissing a prior defendant, (2) Plaintiff's motion to vacate the Magistrate Judge's May 31, 2023 order granting a motion to compel, (3) motions for summary judgment filed by the three remaining Defendants, and (4) the Magistrate Judge's Report

recommending that the Court grant the pending motions for summary judgment. ECF Nos. 205, 218, 222, 254, 284 & 286. Before discussing its ruling and analysis of these motions, the Court will briefly summarize the procedural and factual background related to each.

    A.    **Plaintiff's Rule 60(B) Motions to Vacate the Court's February 21, 2023 Order Dismissing Defendant Dickens.**

Plaintiff has filed two motions to vacate the Court's prior order dismissing a prior defendant, Defendant Charles Michael Dickens. ECF Nos. 205 & 254. In her complaint, Plaintiff asserts claims of false arrest and malicious prosecution against Defendant Dickens arising out of his role as the highway patrol officer initially responsible for arresting Plaintiff for minor traffic violations. *See* ECF No. 193 at 2; ECF Nos 1 & 23. On July 22, 2022, in response to Plaintiff's claims, Defendant Dickens moved for summary judgment. ECF No. 127.

The Magistrate Judge carefully reviewed Defendant Dickens' motion for summary judgment and Plaintiff's response in opposition. After doing so, he issued a detailed report recommending that this Court grant the motion. ECF No. 136. Notably, Plaintiff did not filed objections to the Magistrate Judge's report. On February 21, 2023, this Court entered an order accepting the report. ECF No. 193. Specifically, it found that Defendant Dickens was entitled to summary judgment because "Plaintiff's false arrest/malicious prosecution claim must fail because Dickens arrested Plaintiff pursuant to a facially valid warrant, and her pending charges have not been terminated in her favor." *Id.* at 3–4 (cleaned up). Accordingly, the Court accepted the report, granted Defendant Dicken's motion,

and dismissed him from this action. *Id.*

On March 16, 2023, Plaintiff filed her first Rule 60(b) motion to vacate the Court's order February 21, 2023 order. ECF No. 205.[1] Defendant Wilkerson filed a response opposing Plaintiff's motion. ECF No. 208. On July 18, 2023, Plaintiff filed a second Rule 60(b) motion to vacate the Court's order. ECF No. 254. Both are now ripe for consideration. ECF No. 283.

### B. Plaintiff's Rule 60(B) Motion to Vacate the Magistrate Judge's May 31, 2023 Order Granting Defendant Wilkerson's Motion to Compel.

Plaintiff has also filed a Rule 60(b) motion to vacate one of the Magistrate Judge's prior discovery orders granting Defendant Wilkerson's motion to compel. ECF No. 286. By way of background, Defendant Wilkerson served discovery requests on Plaintiff by United States mail on September 13, 2022. ECF No. 164-2. Plaintiff refused receipt of the discovery requests and they were returned to sender on September 19, 2022. ECF No. 166-1. Plaintiff did not respond to Wilkerson's discovery requests. Wilkerson filed a motion to compel on October 20, 2022. ECF No. 164. Plaintiff did not oppose the motion to compel. On May 31, 2023, the Magistrate Judge issued an order granting the motion as unopposed and directed Plaintiff to file a response to Wilkerson's requests. ECF No. 230.

On December 18, 2023, Plaintiff filed a motion pursuant to Rule 60(b) to vacate the Magistrate Judge's order granting the motion to compel. ECF No. 286. Defendant Wilkerson opposes Plaintiff's motion. ECF No. 287.

---

[1] Plaintiff's motion is titled "Rule 60 Motion to Vacate ECF No. 127 Order Dismissing Against Charles Michael Dickens." ECF No. 205. The Court notes however that the order dismissing Dickens is ECF No. 193, not ECF No. 127.

Page **4** of **12**

    C.    **Defendants' Motions for Summary Judgment and the Magistrate Judge's Report.**

As noted, there are three remaining Defendants in this action: Thomas Scott Wilkerson, Kevin Thomas, and Larry McNeill. On March 23, 2023, in response to Plaintiff's claims, Defendant Wilkerson moved for summary judgment. ECF No. 218. Thereafter, on May 5, 2023, Defendants McNeill and Thomas also moved for summary judgment. ECF No. 222. Plaintiff opposes Defendants' motions. ECF Nos. 234, 239, 241 & 248. On December 14, 2023, the Magistrate Judge issued the present Report recommending that this Court grant Defendant's motions for summary judgment. ECF No. 284. Plaintiff has not filed any objections to the Report, and her deadline for doing so expired on December 28, 2023. *Id.* Accordingly, this matter is ripe for review, adjudication, and disposition.

## ANALYSIS

    A.    **Plaintiff's Rule 60(B) Motions to Vacate the Court's Orders Dismissing Defendant Dickens.**

In two of her Rule 60(b) motions, Plaintiff requests that the Court vacate its February 21, 2023 order dismissing Defendant Dickens. ECF No. 205 & 254. Defendant Wilkerson opposes Plaintiff's motions, noting that she has "not shown 'exceptional circumstances' warranting the relief requested" and that she "has not presented this Court with sufficient evidence of any 'newly discovered evidence,' 'fraud,' or other 'inequity' entitling her to the relief requested." ECF No. 208.

Rule 60(b) is an extraordinary remedy that can be invoked only upon showing of exceptional circumstances. *McLawhom v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979)). Specifically, Rule 60(b) of the Federal Rules of Civil Procedure authorizes a district court to relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud ..., misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). With respect to motions under Rule 60(b), the Fourth Circuit has explained that "before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). Once this "initial threshold" is crossed, the party "then must satisfy one of the six specific sections of Rule 60(b)" listed above. *Id.*

Here, the Court concludes that neither of Plaintiff's two motions establishes that she is entitled to relief under Rule 60(b). First, her motions do not identify a cognizable basis for relief under Rule 60(b). Second, her motions simply reassert the allegations in her complaint that gave rise to her claims against Defendant Dickens. Relitigating the claims raised in a complaint is not a valid basis for relief under Rule 60(b), and both the Magistrate Judge and the undersigned have already carefully considered Plaintiff's claims. In doing so, the Court concluded that Defendant Dickens was entitled to summary judgment because "Plaintiff's false arrest/malicious prosecution claim must fail because Dickens arrested Plaintiff pursuant to a facially valid warrant, and her pending charges have not been terminated in her favor." *Id.* at 3–4 (cleaned up). Plaintiff has not asserted a persuasive basis to vacate this conclusion. Accordingly, her two Rule 60(b) motions, ECF Nos. 205 & 254, are denied.

### B. Plaintiff's Rule 60(B) Motion to Vacate the Magistrate Judge's May 31, 2023 Order Granting Defendant Wilkerson's Motion to Compel.

Plaintiff's third Rule 60(b) motion asks the Court to vacate the Magistrate Judge's May 31, 2023 order granting Defendant Wilkerson's unopposed motion to compel. ECF No. 286. Defendant Wilkerson opposes Plaintiff's motion, again noting that she has not identified a basis for relief under Rule 60(b). ECF No. 287.

In reviewing this motion, the Court concludes that Plaintiff is not entitled to relief under Rule 60(b). Plaintiff has not established a basis for relief under Rule 60(b) because she has not shown "exceptional circumstances" warranting the relief requested. Simply put, she has not presented this Court with any evidence of

any "newly discovered evidence," "fraud," or other "inequity" entitling her to the relief requested. Hence, her motion, ECF No. 286, is denied.

### D. Defendants' Motions for Summary Judgment and the Magistrate Judge's Report.

The final matters pending before the Court are the remaining three Defendants' motions for summary judgment and the Magistrate Judge's Report recommending that this Court grant those motions. ECF Nos. 218, 222 & 284. In addressing these matters, the Court incorporates the Report's summary of Plaintiff's claims and the arguments asserted in Defendants' motions for summary judgment:

> Plaintiff alleges malicious prosecution and/or false arrest as to Defendant Wilkerson, Director of IT of SLED. Plaintiff alleges Defendant Wilkerson is a "data steward" and is responsible for the record entry into the SLED database. ECF No. 23 at 6. Plaintiff alleges Wilkerson was responsible for information distribution and receipt of out of state warrants to be entered into the SLED criminal database. ECF No. 23 at 9. Plaintiff alleges Defendant Wilkerson populated the case report without a warrant into the database, eventually resulting in Plaintiff's detainment in a South Carolina detention center on a hold based on the information pulling up on Defendant Dickens (the officer of the traffic stop) screen from the database. ECF No. 23 at 17. Wilkerson avers that he was employed with SLED from November 2, 1984, until June 30, 2018, and, thus, he was not employed at the time Plaintiff alleges the false information was entered into the SLED database. Wilkerson Aff. ¶¶ 4–5, ECF No. 218–2. He avers that he never entered any information regarding Plaintiff's criminal history or any "wanted person information" into a computer at any time during his employment with SLED. Wilkerson Aff. ¶ 5. He further avers that he was never a sworn agent with SLED with the power to arrest, nor did he make any decisions to arrest and/or prosecute Plaintiff. Wilkerson Aff. ¶ 5. Plaintiff presents no evidence to the contrary, nor does she address these facts in her responses.
>
> Plaintiff also alleges malicious prosecution and/or false arrest/imprisonment as to Defendant McNeill, interim sheriff of

> Marlboro County, and Warden Thomas, Warden of the Marlboro County Detention Center. Plaintiff alleges Defendants McNeill and Thomas falsely imprisoned her in South Carolina waiting for law enforcement from Georgia to come pick her up where there was never a warrant sent or extradition procedures initiated. ECF No. 23 at 6–7, 53.
>
> Defendant McNeill avers that he was appointed as Interim Sheriff for Marlboro County by Governor McMaster on December 14, 2021. McNeill Aff. ¶¶ 1-2 and Oath for County and State Officers ECF No. 222–2. Prior to his appointment as the Interim Sheriff of Marlboro County on December 14, 2021, he was retired and was not employed by Marlboro County, the Marlboro County Sheriff's Office, or any other law enforcement agency. McNeill Aff. ¶ 3. Thus, he avers that he had no responsibilities or authority with respect to the Marlboro County Sheriff's Office at the time of Plaintiff's arrest and detention on November 19, 2021. McNeill Aff. ¶ 6. Plaintiff presents no evidence to the contrary, nor does she address these facts in her responses.
>
> Defendant Thomas avers that he was the Warden of the Marlboro County Detention Center ("MCDC") at the time of Plaintiff's arrest and detention on November 19, 2021, but he has no independent recollection of Plaintiff's detention. Thomas Aff. ¶¶ 2, 4. Based on MCDC records, Thomas avers that Plaintiff booked into MCDC in connection with an arrest on November 19, 2021, that she was charged with (1) Speeding, More than 15 and (2) Driving Under Suspension, and that she was released the next day, November 20, 2021, with a Personal Recognizance Bond. Thomas Aff. ¶ 7 and MCDC Records ECF No. 222–3) He avers that the records do not indicate that Plaintiff was held at the MCDC for any other jurisdiction and that she was released following her bond hearing on the charges stated above. Thomas Aff. ¶ 8. Plaintiff asserts that most of the information in the booking report is incorrect and asserts that it has been falsified but presents no evidence to that end. Pl. Resp. ECF No. 248.

ECF No. 284 at 2–4.

The Report recommends that this Court grant Defendants' motions. *Id.* First, with regard to Defendant Wilkerson, the Report notes that "It is undisputed that Wilkerson had no involvement with Plaintiff's arrest, nor did he input any information into any database regarding any charges against

Plaintiff out of Georgia" because "the undisputed evidence shows that Wilkerson had not been employed with SLED for approximately two years at the time Plaintiff asserts the false information was entered into SLED's database." *Id.* at 5. Thus, the Report concludes that Wilkerson is entitled to summary judgment because Plaintiff has failed to present any evidence to support her allegations and claims. *Id.* at 6.

Second, regarding Defendant McNeill, the Report notes "it is undisputed that McNeill had no involvement with Plaintiff's detention at the MCDC" because the "undisputed evidence shows that McNeill was appointed as the Interim Sheriff for Marlboro County in December of 2021, after Plaintiff's detention in November of 2021, and prior to his appointment, he was retired and did not work for any law enforcement agency." *Id.* at 5. Thus, the Magistrate Judge concludes that Defendant Thomas is entitled to summary judgment because Plaintiff has failed to present evidence establishing her claims. *Id.* at 6.

Lastly, the Report analyzes Plaintiff's claims of malicious prosecution and/or false arrest/imprisonment as to Defendant Thomas, the Warden of the MCDC pursuant to 42 U.S.C. § 1983. *Id.* at 6. First, the Report concludes that Defendant Thomas is entitled to summary judgment with regard to Plaintiff's claim of malicious prosecution because "she presents no facts indicating that he was involved in her arrest." *Id.* Moreover, the Report notes that, even if he was, this Court has already determined that no genuine dispute of fact exists

that Plaintiff was arrested pursuant to a facially valid warrant." *Id.* (citing ECF Nos. 185 & 193). Second, the Report concludes that Plaintiff cannot establish her claim of false arrest against Defendant Thomas because "[t]o establish a claim for false imprisonment, a plaintiff must show that he was arrested without probable cause," and here, "there are no allegations that Thomas was involved in Plaintiff's arrest," and there is "no genuine dispute of fact exists that Plaintiff was arrested pursuant to a facially valid warrant." *Id.* (footnotes omitted). Accordingly, the Report concludes that "summary judgment is proper as to any claim for false arrest or malicious prosecution against Thomas" because "Plaintiff has failed to present sufficient facts to create a dispute of fact as to Thomas's liability in this action [.]" *Id.* at 7–8.

Again, Plaintiff has not filed objections to the Magistrate Judge's Report, and her deadline for doing so expired on December 28, 2023. The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge

as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has carefully reviewed the Report, Defendants' motions, and other relevant filings. For the reasons stated by the Magistrate Judge, the Report, ECF No. 284, is accepted. Defendants' motions for summary judgment, ECF Nos. 218 & 222, are granted. Because they are the only Defendants remaining in this action, this case is dismissed.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　*s/Terry L. Wooten*
　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

January 8, 2024
Columbia, South Carolina