IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kathy Reaves, a/k/a Kathy Juanita Reaves,<br><br>Plaintiff,<br><br>vs.<br><br>Scott Wilkerson, Kevin Thomas, and Larry McNeill,<br><br>Defendants. | C.A. No. 4:22-cv-00318-JD<br><br>**ORDER** |

This matter is before the Court on Defendant Scott Wilkerson's ("Wilkerson" or "Defendant") Motion for Attorney Fees and Paralegal Fees pursuant to 42 U.S.C. § 1988, Rule 54(d)(2) of the Federal Rules of Civil Procedure, and Local Civil Rule 54.02 (D.S.C.). Wilkerson seeks attorneys' fees "of at least $140,000.00." (DE 293.)

**BACKGROUND**

Plaintiff Kathy Reaves ("Reaves" or "Plaintiff") filed this action that arose out of her 2021 arrest based, in part, on a Georgia warrant. (DE 1 & 23.) With respect to Wilkerson, Reaves alleged he was the Director of IT of the South Carolina Law Enforcement Division ("SLED") and that he was responsible for the record entry into the SLED database and information distribution and receipt of out-of-state warrants to be entered into the SLED criminal database. (See DE 23, p. 6, 9.) Reaves alleged Wilkerson populated the case report without a warrant into the database, which eventually resulted in her detainment based on information pulled from the database by an officer during a traffic stop. (Id. at 17.) Reaves alleged claims for malicious prosecution and/or false arrest as to Wilkerson.

Following Judge Terry L. Wooten's ("Judge Wooten") January 8, 2024, Order (DE 290),

1

which adopted a Report and Recommendation (DE 284, "Report") issued by a Magistrate Judge,[1] granted summary judgment as to Wilkerson and two other defendants, and dismissed this action, Wilkerson filed the Motion for Attorneys' Fees (DE 293). Reaves has not filed a response in opposition. Therefore, the motion is ripe for review and decision.

## DISCUSSION

Generally, "the prevailing party in a suit is not entitled to recover reasonable attorney[']s fees and costs from the losing party." *Brat v. Personhuballah*, 883 F.3d 475, 480 (4th Cir. 2018). However, Congress has carved out exceptions to the general rule, and 42 U.S.C. § 1988(b) "confers discretion on courts to award attorneys['] fees to the prevailing party in an action brought under *inter alia*, 42 U.S.C. § 1983." *DeBauche v. Trani*, 191 F.3d 499, 510 (4th Cir. 1999). "For purposes of § 1988, 'a party in whose favor a judgment is rendered . . .' is the prevailing party." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 318 (4th Cir. 2008)).

"The Supreme Court has held that a prevailing defendant is entitled to recover attorneys['] fees under § 1988(b) only if the lawsuit was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it clearly became so." *Hunt v. Lee*, 166 Fed. Appx 669, 671 (4th Cir. 2006) (citing *Christianburg Garment Co v. EEOC*, 434 US 412 (1978). "Thus, when awarding attorney's fees under a civil rights statute, 'prevailing defendants are to be treated differently from prevailing plaintiffs, even though the statutory language is neutral.'" *Id.*

The starting point for determining the amount of a reasonable fee is the calculation of the lodestar figure, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The Supreme Court

---

[1] Reaves did not object to the Report.

2

has indulged a 'strong presumption' that the lodestar number represents a reasonable attorney's fee. The Court recently explained that this presumption can only be overcome 'in those rare circumstances where the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *McAfee v. Boczar*, 738 F.3d 81, 88-89 (4th Cir. 2013) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)). The determination of a reasonable attorney's fee is a matter of discretion with the Court. *See Robinson v. Equifax Info. Services*, 560 F.3d 235, 243 (4th Cir. 2009). In determining what is "reasonable," the Fourth Circuit has instructed that a district court's discretion should be guided by these factors, known as the "Johnson factors":

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008), *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) ("In deciding what constitutes a 'reasonable' number of hours and rate, we have instructed that a district court's discretion should be guided by the following twelve factors: . . . ."). The party seeking an award of attorney's fees must submit adequate evidence detailing the hours worked and the rates claimed. *Hensley*, 461 U.S. at 433. "Where the attorney's documentation is inadequate, or the claimed hours are duplicative or excessive, the court may reduce the award accordingly." *Neves v. Neves*, 637 F.Supp. 2d 322, 340 (W.D.N.C. 2009). "The goal is to not overcompensate counsel with a 'liberal' fee, but to award the 'reasonable' fee necessary to encourage competent lawyers to undertake the representation."

3

*Id.* (citation omitted).

In this case, Reaves's claims against Wilkerson were frivolous, or at the very least Reaves clearly "continued to litigate after it clearly became so." *Hunt*, 166 Fed.Appx at 671. Reaves alleged Wilkerson was involved in malicious prosecution and/or false arrest based on his position as the Director of IT at SLED. However, even after Wilkerson filed his Motion for Summary Judgment and provided undisputed evidence he was not involved with Reaves's arrest or even employed by SLED during the relevant time period, Reaves continued to press her claims against Wilkerson. Reaves filed three responses in opposition to Wilkerson's Motion for Summary Judgment (DE 234, DE 239, DE 267),[2] a Motion to Compel (DE 235), a Motion for Sanctions (DE 236), a Motion to Vacate the order granting Wilkerson's Motion to Compel (DE 258), a Motion to Strike (DE 271), and a Motion to Seal (DE 276), all of which repeated her allegations against Wilkerson without providing any evidence to counter Wilkerson's evidence that he was not involved with her arrest or employed by SLED during the relevant time period.[3] [4] So the Court finds Reaves has continued to litigate her claims against Wilkerson after it was clear such claims were frivolous, and thus, an award of attorneys' fees is appropriate. *See Hunt*, 166 F.App'x at 671 ("The Supreme Court has held that a prevailing defendant is entitled to recover attorney's fees under § 1988(b) only if the lawsuit was frivolous, unreasonable, or groundless, or if the plaintiff

---

[2]  Plaintiff also reiterated her claims against Wilkerson in her response in opposition to two other defendants' motion for summary judgment. (*See* DE 241.)

[3]  Wilkerson filed responses to these motions. (*See* DE 237, DE 238, DE 259, DE 272, DE 279.) Magistrate Judge Thomas E. Rogers issued an order denying these motions. (DE 282.)

[4]  Reaves also filed two Rule 60(b) motions following the entry of summary judgment. (DE 296 and DE 300.) Although the first motion noted she did not seek to have any dismissals overturned, the second motion sought to vacate all of the orders entered by Judge Wooten here. *Id.* Both motions were denied. (DE 304.) Although these motions were not contemplated in Wilkerson's Motion for Attorney Fees, they evidence Reaves has continued to litigate this action long after it became clear doing such was frivolous.

4

continued to litigate after it clearly became so.").

Wilkerson was a prevailing party here as summary judgment was granted as to Reaves's claims against him. Thus, the Court must determine the lodestar figure.

Wilkerson's attorneys seek an hourly rate of $180.00 per hour for two attorneys and $80.00 per hour for two paralegals. (DE 293-1 and 293-2). Wilkerson's attorney submits that these are the standard hourly rates paid by the Insurance Reserve Fund, are customary and reasonable rates, and the attorney rate requested here is significantly less than his current standard rate of $325.00 per hour. (DE 293-1 p. 6). Based on the attorney's representations and the Court's general knowledge of rates charged for work in this Court, the Court finds the hourly rates sought are reasonable.

Next, the Court must determine whether the hours expended on this litigation are reasonable. In his affidavit, Wilkerson's attorney indicates 660.3 hours were expended by attorneys, and 187.5 hours were expended by paralegals on this litigation, and he attached an exhibit breaking down the time expended. (DE 293-2). In considering the *Johnson* factors, Wilkerson's attorney concedes that "this action did not involve any unusual questions of fact or law, any lost opportunities, or the like[.]" (*Id.* at 2). The Court also considers the time and labor expended and Wilkerson's attorney's experience. (DE 293-2). However, the Court cannot determine whether all the claimed hours were reasonably expended on the instant litigation because the exhibit breaking down the time expended appears to reference at least two cases—one brought in state court, and one brought in federal court. So the hours claimed by Wilkerson's attorney will be reduced by 50%. *See Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). The

Court finds that 330.15 hours in attorneys' fees and 93.75 hours in paralegal fees are reasonable. This results in $66,927 in fees.

That said, the Court notes Reaves's financial circumstances sua sponte. *See DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999) (finding the plaintiff's contention that her financial circumstances should be taken into account had merit); *see also id.* (noting "'[t]he policy of deterring frivolous suits is not served by forcing the misguided [§ 1983] plaintiff into financial ruin simply because he prosecuted a groundless case.'" (quoting *Arnold v. Burger King Corp.*, 719 F.2d 63, 68 (4th Cir. 1983)(alterations incorporated)). Although Reaves did not respond to Wilkerson's motion, Reaves is proceeding *in forma pauperis* ("IFP") here, and her IFP application indicates an award of fees to Wilkerson would impose a substantial financial burden on her that may result in financial ruin. So, the Court will reduce the fee award by an additional 80%, resulting in $13,385.40 in fees awarded. The Court finds this amount sufficient to "discourage frivolous suits," while also considering Reaves's financial circumstances. *See Christiansburg*, 434 U.S. at 420 (noting the legislative history of allowing attorney fee awards to defendants indicates a desire to discourage frivolous suits).

## CONCLUSION

For these reasons, the Court awards Wilkerson attorneys' fees of $13,385.40 against Kathy Reaves.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 30, 2024

6